IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 13–CR–00979–ABJ |
| JOHN D. SANDOVAL, | |
| Defendant. | |

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Criminal defendant filed a motion to dismiss his indictment. He has allegedly failed to register as a sex offender per the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16901, et seq., and its enforcement provision, 18 U.S.C. § 2250. He argues that SORNA is unconstitutional because it exceeds Congress's Commerce Clause authority, violates his Due Process rights, and violates the Tenth Amendment. For the following reasons, the Court DENIES the Defendant's motion.

**BACKGROUND**

On March 3, 2009, Defendant John D. Sandoval ("Defendant") pled guilty to Sexual Exploitation of a Child in violation of C.R.S. § 18-6-403(3)(b.5) in Alamosa County, Colorado. He was sentenced to several years of imprisonment and parole. Upon his release from

1

incarceration in 2011, he registered with the State of Colorado as a sex offender. ECF No. 39 at 2; ECF No. 40-1 at 4. His registered address at that time was in Alamosa, Colorado. ECF No. 40-1 at 4. In August of 2012, Defendant again registered, acknowledged his continuing duty to register, and listed his future address to be Penasco, New Mexico. ECF No. 40-2 at 2.

On August 27, 2013, the Government filed the Superseding Indictment, ECF No. 30. The indictment alleges that the Defendant was a person required to register under the Sex Offender Registration and Notification Act (SORNA) due to his 2009 Colorado conviction, that he had traveled in interstate commerce, and that he knowingly failed to update his registration in violation of 18 U.S.C. § 2250(a) and 42 U.S.C. § 16913. In response, the Defendant filed the instant Motion to Dismiss the Superseding Indictment, ECF No. 38.

## DISCUSSION

The Defendant argues that SORNA, 42 U.S.C. § 16901, et seq., and its enforcement provision, 18 U.S.C. § 2250, are unconstitutional on its face and as applied to him. He argues that (1) Congress lacked authority under the Commerce Clause to implement SORNA; (2) the statute violates his Due Process rights by failing to give him adequate notice of federal registration requirements; (3) the statute violates his Due Process rights because New Mexico did not have a SORNA-compliant registry during his alleged offense; and (4) SORNA impermissibly infringes on state authority in violation of the Tenth Amendment.

**I.    Defendant's Commerce Clause Challenge**

The Defendant contends that the Commerce Clause cannot support the basis for SORNA's broad-sweeping registration scheme. He acknowledges that *United States v. Hinckely*, 550 F.3d 926, 939-940 (10th Cir. 2008), and *United States v. Lawrance*, 548 F.3d 1329, 1336-1337 (10th Cir. 2008), both upheld SORNA against Commerce Clause challenges. Both were

effectively abrogated on other grounds by *Reynolds v. United States*, 132 S.Ct. 975 (2012), but he argues now that this Court should revisit the Commerce Clause issue in light of the Supreme Court's recent Affordable Care Act decision, *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S.Ct. 2566 (2012).

> The Constitution authorizes Congress to "regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." Art. I, § 8, cl. 3. [Supreme Court] precedent[] read[s] that to mean that Congress may regulate "the channels of interstate commerce," "persons or things in interstate commerce," and "those activities that substantially affect interstate commerce."

*Id.* at 2578.

The courts give a generally permissive reading to those laws duly enacted by the elected branches of government. The judicial branch's

> permissive reading of these powers is explained in part by a general reticence to invalidate the acts of the Nation's elected leaders. "Proper respect for a coordinate branch of the government" requires that we strike down an Act of Congress only if "the lack of constitutional authority to pass [the] act in question is clearly demonstrated."

*Id.* at 2579 (quoting *United States v. Harris*, 106 U.S. 629, 635 (1883)).

In the case of the Affordable Care Act, the Government argued that the Act was a viable exercise of Congress' Commerce Clause power because the failure of individuals to buy health insurance "affects interstate commerce." *NFIB*, 132 S.Ct. at 2584. In effect, the Defendant is asking this Court to find that SORNA exceeded Congress's Commerce Clause power because the registration of previously convicted sexual offenders does not substantially affect interstate commerce. SORNA, however, is not premised on the "substantially affects interstate commerce" prong. Both *Hinckley* and *Lawrance* found that SORNA was enacted under Congress's ability to regulate the channels of interstate commerce and persons in interstate commerce. *Hinckley*, 550 F.3d at 940 (the defendant's "travel across state lines to and from Oklahoma falls under the first or second *Lopez* prongs." *Lopez* "confirm[s] Congress's authority

3

to regulate this type of activity."); *Lawrance*, 548 F.3d at 1337 ("SORNA clearly intends to regulate interstate activity, *i.e.* the evasion of sex offender registration requirements by sex offenders who have crossed jurisdictional lines.").

In the instant case, it appears that SORNA's jurisdictional hook has been satisfied. The Defendant has been previously convicted of a sexual crime in Colorado. He then traveled in interstate commerce to New Mexico. The Defendant's activity seems materially identical to Mr. Lawrance, who was convicted of a sexual crime in Arizona and then moved to Oklahoma after SORNA's effective date. The Defendant, just as Mr. Lawrance, is an offender who has allegedly "move[d] across state lines." *Lawrance*, 548 F.3d at 1337.

To this Court's knowledge, two circuit courts have had the opportunity to revisit their pre-*NFIB* SORNA rulings. Both circuits have upheld their previous opinions against similar Commerce Clause challenges. *See United States v. Cabrera-Gutierrez*, 718 F.3d 873, 876-877 (9th Cir. 2013); *United States v. Robbins*, 729 F.3d 131, 134-136 (2d Cir. 2013). This Court is bound by current 10th Circuit precedent, and it finds that the subsequent decisions by the Ninth and Second Circuits reinforce that precedent. Therefore, the Court must **DENY** Defendant's Commerce Clause challenge to SORNA.

## II.     Defendant's Due Process Challenge Due to Notice

The Defendant next argues that SORNA violates his Fifth Amendment Due Process rights because the Attorney General has not promulgated "rules for the notification of sex offenders" and that he has not received federal notice of his duty to register. He acknowledges the holdings in *Hinckley* and *Lawrance*, but he argues that he did not receive federal notice as required by *Lambert v. California*, 355 U.S. 225 (1957). The Government alleges that

Defendant received notice of and acknowledged his duty to register in Colorado.  It argues that this notice is sufficient for Due Process purposes.

The Tenth Circuit has held that "notice of a defendant's obligations under state law is sufficient to satisfy the Due Process Clause's requirements."  *Hinckley*, 550 F.3d at 938; *see also Lawrance*, 548 F.3d at 1338.  In this case, the Government alleges that the Defendant was notified of and acknowledged his duty to register as a sex offender when he signed the Sex Offender Registration Information form on July 22, 2011, and the Notice to Register as a Sex Offender on August 2, 2012.  ECF No. 40-1 at 1, 4; ECF No. 40-2 at 1-2.

In light of *Hinckley* and *Lawrance*, the Court finds that the Government has satisfied its initial burden to demonstrate that the Defendant received notice of duty to register.  The Court must therefore **DENY** the Defendant's Due Process due to notice challenge.

### III.     Defendant's Due Process Challenge Due to New Mexico's Registry

The Defendant thirdly argues that he was not required to register under § 2250(a)(1) because New Mexico has not enacted a SORNA-compliant sex offender registry.  Mr. Hinckley similarly argued that "SORNA's Proposed Guidelines require states to pass implementing legislation, and that Oklahoma's failure to do so renders him 'unable' to register in that state."  *Hinckley*, 550 F.3d at 939.

In *Hinckley*, Oklahoma had not yet enacted a SORNA-compliant registration scheme, but it did have a pre-existing registration scheme.  The Tenth Circuit pointed out "that, while SORNA does set 'minimum standards for jurisdictions' registration and notification programs,' it does not require statutory implementation."  *Id.*  Thus, the Tenth Circuit held that Hinckley "could have registered in Oklahoma, which would have made him compliant with both state and federal law."  *Id.*  This is because "the requirement imposed on individuals to register is

independent of the requirement imposed on the States to implement the enhanced registration and notification standards of SORNA." *United States v. Gould*, 568 F.3d 459, 465 (4th Cir. 2009). This Court finds the Defendant's challenge is materially identical to *Hinckley*, and, therefore, **DENIES** his registry Due Process challenge.

### IV.     Defendant's Tenth Amendment Challenge

The Defendant lastly argues that SORNA violates the Tenth Amendment by forcing state officials to enforce a federal regulatory system. The Government argues that SORNA allows states to decide whether to implement SORNA-compliant registers or to lose ten percent of their federal criminal justice funding. The Government argues that conditioning federal funds in this manner is constitutional pursuant to *South Dakota v. Dole*, 483 U.S. 203 (1987).

Firstly, the Court finds that the Defendant does have standing to challenge SORNA under the Tenth Amendment. *See United States v. Bond*, 131 S.Ct. 2355 (2011). The Defendant's argument immediately runs into trouble because, as he admits, "[t]he federal registration requirements . . . impose a federal obligation on **offenders** to register" in state registries. ECF No. 39 at 12 (emphasis added). "The obligation SORNA does impose – the obligation to register – is imposed on sex offenders, not states." *United States v. Stock*, 685 F.3d 621, 626 (6th Cir. 2012). As to states, SORNA "conditions federal funds on states' voluntary compliance with a federal registration regime. As far as the Tenth Amendment is concerned, that's okay." *Id.* (citing *South Dakota v. Dole*, 483 U.S. at 207-212). The Court accordingly concludes that SORNA does not violate the Tenth Amendment, and it therefore **DENIES** the Defendant's Tenth Amendment challenge.

## CONCLUSION

The Defendant filed the instant Motion to Dismiss the Superseding Indictment, ECF No. 38. He argues that SORNA and its enforcement provision are unconstitutional because (1) Congress lacked authority under the Commerce Clause to implement SORNA; (2) the statute violates his Due Process rights by failing to give him adequate notice of federal registration requirements; (3) the statute violates his Due Process rights because New Mexico did not have a SORNA-compliant registry during his alleged offense; and (4) SORNA impermissibly infringes on state authority in violation of the Tenth Amendment. The Court concludes that Defendant's arguments are foreclosed by Tenth Circuit and Supreme Court precedent, and it therefore **DENIES** his Motion to Dismiss the Superseding Indictment, ECF No. 38.

Dated this __19th__ day of December, 2013.

_____

Alan B. Johnson
United States District Judge